UNITED STATES of America, Appellee,

v.

Curtis Allen GIPSON, Appellant.

No. 79–1670.

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 9, 1979.

Decided Nov. 20, 1979.

8. Examples of this process may be found in *Call Carl, Inc. v. BP Oil Corp.*, 554 F.2d 623 (4th Cir.), *cert. denied*, 434 U.S. 923, 98 S.Ct. 400, 54 L.Ed.2d 280 (1977); *Knutson v. Daily Review, Inc.*, 548 F.2d 795 (9th Cir. 1976), *cert. denied*, 433 U.S. 910, 97 S.Ct. 2977, 53 L.Ed.2d 1094 (1977); and *McGuire v. Times Mirror Co.*, 405 F.Supp. 57 (C.D.Cal.1975).

894

Manuel L. Pruitt, Little Rock, Ark., filed brief for appellant.

George W. Proctor, U. S. Atty., Samuel A. Perroni, Asst. U. S. Atty., Little Rock, Ark., filed brief for appellee.

Before BRIGHT and McMILLIAN, Circuit Judges, and HUNTER, District Judge.*

PER CURIAM.

Curtis Allen Gipson was convicted by a jury of stealing approximately twenty rolls of barbed wire, property of the United States worth more than $100, in violation of 18 U.S.C. § 641 (1976).[1] Gipson now appeals his conviction of the crime and sentence to ten months' imprisonment. Appellant advances here two contentions:

1) The trial court committed reversible error in rejecting defendant's motion to suppress as evidence his confession to the crime.

2) The trial court committed reversible error in admitting copies of documents showing that the United States had received the rolls of barbed wire allegedly stolen by Gipson.

We reject these contentions and affirm the conviction.

■ The trial court (The Honorable William R. Overton, presiding) conducted a full evidentiary hearing on the issue of whether Gipson's confession to the crime should be admitted into evidence. Following that hearing, the trial court determined that, in the course of an interrogation by a special agent of the United States Forest Service, Gipson confessed voluntarily to the crime. The court made particular findings that the special agent had given the defendant the warnings required by *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), and that the defendant knowingly and intentionally waived the privileges contained therein. We have examined the record and find substantial evidence supporting these findings of the district court. Accordingly, we hold that the district court did not err in finding the confession to be voluntary within the meaning of 18 U.S.C. § 3501 (1976) and admitting it into evidence.

■ Appellant next argues that the trial court erred in admitting copies of docu-

---

\* ELMO B. HUNTER, United States District Judge, Western District of Missouri, sitting by designation.

1. 18 U.S.C. § 641 provides in pertinent part:
   Whoever embezzles, steals, purloins * * any * * * * thing of value of the United States or of any department or agency thereof * * *

   \* \* \* \* \* \*

   Shall be fined not more than $10,000 or imprisoned not more than ten years, or both [if the value of such property exceeds $100].

ments acknowledging receipt by the Government of the barbed wire in question, and that therefore proof of governmental ownership was inadequate. This contention lacks merit. Appellee introduced the two original forms used to order the barbed wire, and these forms were authenticated by the person who signed them. *See* Fed.R. Evid. 901(b)(1). Notations on carbon copies or photocopies of these forms indicated both receipt of the items ordered and the date of receipt. Appellee introduced photocopies of those documents on which receipt was noted, and the same witness testified to their authenticity. The photocopies introduced by appellee were "duplicates" of the receipts within the meaning of Fed.R.Evid. 1001(4). Under Fed.R.Evid. 1003, a duplicate is admissible to the same extent as an original unless (1) a genuine question is raised as to the authenticity of the original or (2) in the circumstances it would be unfair to admit the duplicate in lieu of the original. Appellant raises no question as to the authenticity of the original, nor does he claim any unfairness. *See* 5 *Weinstein's Evidence* ¶ 1003[1]. Thus, the trial court did not err in admitting these duplicates into evidence. It follows that there was substantial evidence of governmental ownership in this case.

We affirm.